*Wajarai Unkuch v. Bondi*

BIA
Christensen, IJ
A212 904 872

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

CHRISTIAN ROLANDO WAJARAI UNKUCH,
> *Petitioner,*

v.                                                          23-8008
                                                            NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Christian Rolando Wajarai Unkuch, a native and citizen of Ecuador, seeks review of a November 13, 2023, decision of the BIA affirming a February 6, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Christian Rolando Wajarai Unkuch*, No. A212 904 872 (B.I.A. Nov. 13, 2023), *aff'g* No. A212 904 872 (Immig. Ct. N.Y.C. Feb. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"[W]e review the decision of the IJ as supplemented by the BIA," but we only consider the grounds for the IJ's decision that the BIA reached and relied on. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *see also Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility

2

determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the Agency's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).

A trier of fact may base a credibility determination on (1) "the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)," (2) "the internal consistency of each such statement," and (3) "the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76.

In his asylum application, Wajarai Unkuch alleged that on August 16, 2016, two policemen and six others forced him into a car and drove him to an isolated location, where six men "got out of the vehicle," handcuffed him, and beat him.

CAR at 166. During his credible fear interview, Wajarai Unkuch stated that on August 15, 2016, two police officers forced him into a car and drove him an hour away to a place where eight men joined the police in beating him, after which "the neighbors saw [him] and [he] was able to call [his] mom." *Id.* at 241–43. But in his testimony before the IJ, he asserted that two policemen drove him to a "desolate place" that was approximately 15 to 30 minutes from where he lived, at which time six people "came out from within the woods" and beat him. *Id.* at 83–85, 108–09. During this testimony, when asked by the IJ about the contradictory statement made in his credible fear interview, he offered no explanation for the inconsistency and simply stated that it was "incorrect" that his neighbors saw him because he was beaten in a location that was "desolate" and uninhabited." *Id.* at 112.

Because Wajarai Unkuch's testimony was inconsistent as to (1) the date of the attack, (2) the number of individuals who were involved in the attack, and (3) the location of the attack, the IJ was justified in concluding that Wajarai Unkuch was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple

4

inconsistencies would so preclude even more forcefully."). The agency also reasonably relied on the omission of the kidnapping and attack from corroborating letters submitted by Shuar community leaders because Wajarai Unkuch testified that the authors were aware of the incident. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Wajarai Unkuch did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (internal quotation marks omitted)).

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8. That determination is dispositive because all three forms of relief requested by petitioner are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility

5

determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court